**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KRISTY DOBBS,

                        Plaintiff,

      - v -                                 Civ. No. 1:10-CV-1487
                                                   (LEK/RFT)

CITIZENS BANK, *et al.*,

                        Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

KRISTY DOBBS
Plaintiff, *Pro Se*
7 Saint Joesph Terrace
Basement
Albany, New York 12210

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review a civil rights Complaint filed by *pro se* Plaintiff Kristy Dobbs. Dkt. No. 1, Compl. Simmons has also filed a Motion to Proceed *In Forma Pauperis* (IFP), and a request that the case be filed under seal. Dkt. Nos. 2 & 4.

**II. DISCUSSION**

**A. *In Forma Pauperis* Application**

      Turning first to Dobbs's Motion to Proceed with this Action *In Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

**B. Plaintiff's Complaint**

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with her action.

In her brief *pro se* Complaint, Plaintiff complains that her bank account with Citizens Bank was fraudulently emptied and no avenue of complaint she's pursued thus far has been helpful. In drafting her Complaint, Plaintiff utilizes a court form normally used for litigants seeking redress of alleged constitutional violations through 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

Plaintiff's § 1983 action is problematic on multiple fronts. First, she fails to state a cognizable cause of action for which relief can be granted. In fact, it is unclear to the Court what civil/constitutional rights have been violated, since she fails to specify the nature of such rights. Instead, she merely asserts that she is the victim of some type of identity fraud, though the alleged perpetrator of that fraud is not listed as a defendant. The second, more crucial, infirmity with the Complaint is the fact that none of the named Defendants are asserted to have acted under color of state law. It is well-settled that parties may not be held liable under § 1983 unless it can be

established that they have acted under the color of state law. *See*, *e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted). There is no allegation that Defendants acted under color of state law with regard to the bank account dispute.

In this regard, it appears that § 1983 is not the proper vehicle for Plaintiff to seek judicial review of the claims herein. Accordingly, to the extent Plaintiff is seeking to remedy some constitutional violation, her Complaint fails to state a cause of action to which relief can be provided and should therefore be **dismissed**. Dobbs's Motion to have her case filed under seal, "because [she] feels [her] life is in danger," is therefore rendered moot. Dkt. No. 4.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that in light of the above recommendation of dismissal, Dobbs's request to have this case filed under seal is rendered moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Date:   December 21, 2010
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge